# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2132
_____

United States of America,

*Plaintiff - Appellee*,

v.

Keenyn Edward Hickman,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: November 13, 2023
Filed: February 23, 2024
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Keenyn Hickman appeals a sentence imposed by the district court after a revocation of supervised release. We conclude that there was no error and affirm the judgment.

Hickman served a period of incarceration and a term of supervised release after a conviction for a drug trafficking offense in 2011. He violated the conditions of supervised release nine times, and the court modified the terms in response. Hickman then admitted in 2023 to four more violations: (1) refusal to submit a urine sample; (2) failure to submit an undiluted urine sample that was suitable for testing; (3) failure to report a change in employment; and (4) failure to report to the probation office.

The district court[*] revoked Hickman's term of supervised release and imposed a term of six months' imprisonment to be followed by a term of 24 months of supervised release. As special conditions of supervised release, the court ordered Hickman to participate in a residential reentry program for up to 120 days and to abide by a curfew for 120 days after release from any residential reentry center. Hickman raised no objection.

Hickman argues that the district court erred by imposing a sentence above the advisory guideline range without explanation. This claim of procedural error has no merit. The court incorporated by reference the probation office's revocation worksheet, and the worksheet set forth the advisory guideline range of three to nine months' imprisonment. The court then selected a sentence within that range, so there was no need to justify a variance from the range. Hickman argues that the time he must spend in a residential reentry program and under curfew supervision amounts to an additional term of imprisonment, but those aspects of the sentence are conditions of supervised release. Although the parties in *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004), agreed that the Bureau of Prisons could designate a Community Corrections Center as a prisoner's place of imprisonment, *id*. at 847, the governing statutes are clear that a court may, as here, require participation in a community

---

[*]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

corrections program as a condition of supervised release. *See* 18 U.S.C. §§ 3563(b)(11), (19), 3583(d); USSG § 5D1.3(e)(1), (5) (2021).

Hickman also contends that the sentence is unreasonable because the district court gave significant weight to an improper factor. We review the court's decision under a deferential abuse-of-discretion standard and presume that a sentence within the advisory range is reasonable. *United States v. Outlaw*, 946 F.3d 1015, 1020 (8th Cir. 2020). The court expressed concern that Hickman's failure to participate in drug testing and to maintain employment raised "red flags in terms of more serious substance abuse." Hickman objects that the court placed undue weight on the nature of the violations and overstated his substance abuse problem. The district court, however, reasonably inferred that Hickman was attempting to hide his substance abuse by diluting one urine sample and failing to provide another. The court's decision to impose a sentence in the heart of the advisory range was not unreasonable.

The judgment of the district court is affirmed.

_____